IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 15 C 10906 |
| Jerome Dixon, | ) | |
| Defendant. | ) | |

Memorandum Opinion and Order

Before me is defendant Jerome Dixon's second motion to amend, correct, or vacate his sentence pursuant to 28 U.S.C. § 2255. The Seventh Circuit authorized the motion based on its preliminary conclusion that Dixon had made a prima facie showing that he may be entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the following reasons, the motion is denied.

On December 22, 2011, Dixon pled guilty to possessing a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g). On May 14, 2012, he was sentenced to 180 months' imprisonment. Under the terms of his plea agreement, Dixon agreed that he qualified as an Armed Career Criminal under § 924(e) based on two previous convictions for serious drug offenses and a third conviction for aggravated

battery of a police officer in violation of 720 ILCS 5/12-4(B)(6).

Dixon filed his first § 2255 motion on May 14, 2013, asserting 1) that he should not have been sentenced as an armed career criminal because under *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009), his previous convictions were not properly considered predicate offenses, and 2) that his attorney was ineffective. *See* Case No. 13-cv-3591, 07/28/14 Memorandum Opinion and Order (DN 18). I denied the motion without reaching the merits of the *Buchmeier* claim because I concluded that by his plea agreement, Dixon waived the right to challenge his sentence in a collateral attack. I also concluded that although Dixon's ineffective assistance of counsel claim was outside the scope of his waiver, it failed on the merits because he identified neither facts nor law to support it. *Id*. at 8.

It is unclear whether Dixon's present § 2255 motion reasserts his *Buchmeier* claim. On the one hand, he "incorporates in full the documents filed in the Seventh Circuit which state the case history and the nature and substance of the § 2255 claim." Mot. at 1 (DN 5). But those documents point in different directions. In his pro se motion for leave to file a second or successive § 2255 motion, Dixon answered "no" to the question "[d]id you present any of the claims in this application in any previous petition, application, or motion for relief under 28

U.S.C. § 2254 or § 2255?" DN 1 at 3.[1] On the other hand, the memorandum supporting his motion for leave argues that relief is appropriate under *Buchmeier* as well as under *Johnson*. *Id*. at 7, 8, 10. Accordingly, I assume (as the government does) that the present motion articulates both claims.

Nevertheless, there appears to be no dispute that Dixon may not relitigate his *Buchmeier* claim, a point Dixon tacitly concedes in his counseled reply, which makes no reference at all to *Buchmeier.* Instead, Dixon responds to the government's argument that his *Buchmeier* claim is time-barred by insisting that his *Johnson* claim is timely—a point the government does not dispute. I thus move on to the merits of Dixon's *Johnson* claim.

As the Seventh Circuit explained in *Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016), the "sole holding of *Johnson* is that the residual clause [of the ACCA] is invalid." Specifically, the court stated,

*Johnson* "does not have anything to do with the proper classification of drug offenses or the operation of § 924(e)(2)(B)(i), known as the elements clause, which classifies as a violent felony any crime punishable by a year or more in prison that 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'"

*Id*. The court went on to hold that Stanley's conviction for aggravated battery of a peace officer—the very offense Dixon

---

[1] Page numbers refer to the numbers automatically generated by the CM/ECF system.

claims should not, under *Johnson*, have triggered his ACCA sentence—was "outside the scope of *Johnson*" because the "district court counted this conviction under the elements clause." *Id*. at 565.

So, too, in this case, each of Dixon's convictions was "counted" under the elements clause, and Dixon makes no assertion to the contrary. Instead, he argues that aggravated battery of a peace officer is not categorically a crime of violence, and that proper application of the "modified categorical approach" shows that he was not, in fact, convicted of a "violent felony." But *Stanley* forecloses this argument. Indeed, the court explained that "*Hill v. Werlinger*, 695 F.3d 644, 649–50 (7th Cir. 2012), concludes that the Illinois offense of aggravated battery of a peace officer is a violent felony because the use of force is an element of the offense. *Johnson* has nothing to say about that subject." *Stanley*, 827 F.3d at 565.

*Stanley* is on all-fours with, and controls, this case. Dixon insists that the Seventh Circuit's later decision in *Yates v. United States*, 842 F.3d 1051 (7th Cir. 2016), somehow compels "a comprehensive methodology...to assess predicate offenses under the ACCA" post-*Johnson*, Reply at 11-12, but *Yates* does nothing of the sort. Indeed, *Yates* reiterated that *Johnson* "does

not affect the elements clause of § 924(e)." *Id*. at 1052 (citing *Stanley*).

Finally, Dixon suggests that *Stanley* is at odds with the Supreme Court's disposition of the defendant's claim in *Welch v. United States*, 136 S. Ct. 1257 (2016). Whatever the merits of that argument, however, I am bound to follow controlling Seventh Circuit law.

For the foregoing reasons, Dixon's motion for relief under § 2255 is denied. I further decline to issue a certificate of appealability.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: February 17, 2017

5